IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUNTER RIDGE MHP LLC, RIVER
VALLEY COMMUNITIES,

    Plaintiff,

    v.

VIVIAN HENDERSON,

    Defendant.

CIVIL ACTION NO.
1:26-cv-00377-TRJ

## ORDER

This case began as a dispossessory proceeding brought by Plaintiff Hunter Ridge MHP LLC, River Valley Communities in the Magistrate Court of Clayton County. (Doc. 3 at 4). Defendant Vivian Henderson, proceeding *pro se*, removed this action to this Court on January 22, 2026. (Doc. 3). The Magistrate Judge granted Defendant's application to proceed *in forma pauperis*. (Doc. 2). This matter is now before the Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). After a *sua sponte* review of jurisdiction, however, the Court finds that it lacks subject matter jurisdiction and, therefore, remands this action to the Magistrate Court of Clayton County.

## DISCUSSION

Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* FED. R. CIV. P. 12(h)(3). At any time following removal, a "district court may remand a case *sua sponte* for lack of subject matter jurisdiction." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir.

2009) (citing 28 U.S.C. § 1447(c)). The burden of establishing federal jurisdiction rests with the removing party. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Any doubts about the existence of federal jurisdiction will be resolved in favor of remand. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Though federal courts construe *pro se* filings liberally, a *pro se* litigant still bears the burden of establishing facts which support the existence of federal jurisdiction. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

### A. Jurisdiction of Removed Actions

A defendant may remove a state court action to federal court only where it "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, "absent diversity of citizenship, the only basis for removal is 'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Lindley v. Fed. Deposit Ins. Corp.*, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting *Caterpillar*, 482 U.S. at 392). This is known as the well-pleaded complaint rule. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). The well-pleaded complaint rule renders "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 391. This is true "even where a federal claim is also available." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). Thus, when the complaint "allege[s] only state law claims, there is no jurisdiction under the well-pleaded complaint rule." *Conn. State Dental Ass'n*, 591 F.3d at 1343.

To establish federal question jurisdiction under 28 U.S.C. § 1331, the threshold question is whether the claim "arises under" the Constitution, laws, or treaties of the United States. *Riley v. Governor of Fla.*, 742 F. App'x 420, 423 (11th Cir. 2018) (citation omitted). Generally, "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco de Perez*, 139 F.3d at 1373. The existence of federal question jurisdiction depends on the allegations in the *complaint* at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

To establish diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all parties must be completely diverse, and the amount in controversy must exceed $75,000. *See ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318 (11th Cir. 2024); 28 U.S.C. § 1332(a)(1).

B. **Defendant Has Not Established Jurisdiction.**

Defendant seeks to remove a dispossessory action. (Doc. 3). Dispossession is solely a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). In the notice of removal, Defendant alleges that Plaintiff "did violate 15 USC 1692" by conducting an illegal eviction. (Doc. 3 at 2). But potential defenses or counterclaims against Plaintiff cannot be the vehicle for federal question jurisdiction. Federal defenses and counterclaims cannot create federal jurisdiction where, as here, Plaintiff only seeks relief under state law, unless that relief has been completely preempted by federal law or depends on a substantial question of federal law. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–

32 (2002). Neither exception applies here, and this Court lacks federal question jurisdiction.

Defendant also cannot satisfy diversity jurisdiction. First, the amount in controversy has not been met. *Dhinoja*, 705 F. Supp. 2d at 1382 ("[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."); 28 U.S.C. § 1332. Second, even if diversity jurisdiction did exist, removal in this matter would violate the forum-defendant rule under 28 U.S.C. § 1441(b)(2) because the Civil Cover Sheet indicates Defendant is a resident of Clayton County, Georgia. *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) (holding that a state-court action that is otherwise removable to federal court solely based on diversity of citizenship is not removable if the defendant is a citizen of the state in which the action was filed). Therefore, the Court also lacks diversity jurisdiction.

## CONCLUSION

For these reasons, this action is **REMANDED** to the Magistrate Court of Clayton County for lack of subject matter jurisdiction. Defendant's pending emergency motion to stay writ of possession (Doc. 4) is **DENIED AS MOOT**. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 29th day of January, 2026.

_____
TIFFANY R. JOHNSON
United States District Judge